IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**TRENT MAGSBY,** INDIVIDUALLY AND
ON BEHALF OF THOSE SIMILARLY SITUATED                        **PLAINTIFF**

vs.                          No. 4:17-cv-86-BRW

**CARUSO TRUCKING, LTD,**                                    **DEFENDANTS**
D/B/A **CARUSO LOGISTICS;**
**CARUSO LOGISTIC SERVICES, LLC;**
and **CARUSO, INC.**

This case assigned to District Judge Wilson
and to Magistrate Judge Kearney

## ORIGINAL COMPLAINT—CLASS ACTION

COMES NOW Plaintiff Trent Magsby ("Plaintiff") by and through his attorneys Daniel Ford and Josh Sanford of Sanford Law Firm, PLLC, and for his Original Complaint–Class Action ("Complaint") against Caruso Trucking, Ltd. d/b/a Caruso Logistics, Caruso Logistic Services, LLC; and Caruso Inc. (hereinafter referred to collectively as "Defendants") does hereby state and allege as follows:

### I.  PRELIMINARY STATEMENTS

1. This is an action brought by Plaintiff, individually and on behalf of all others similarly situated, against Defendants for violations of the overtime provisions of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* (the "FLSA"), and the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* (the "AMWA").

2. Plaintiff seeks declaratory judgment; monetary damages; liquidated damages; prejudgment interest; costs; and a reasonable attorney's fee, as a result of

Defendants' policy and practice of failing to pay Plaintiff and other similarly situated individuals proper overtime compensation under the FLSA and under the AMWA within the applicable statutory limitations period.

## II. JURISDICTION AND VENUE

3. The United States District Court for the Eastern District of Arkansas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

4. This Complaint also alleges AMWA violations, which arise out of the same set of operative facts as the federal cause of action herein alleged; accordingly, this state cause of action would be expected to be tried with the federal claim in a single judicial proceeding. This Court has pendent jurisdiction over Plaintiffs' AMWA claim pursuant to 28 U.S.C. § 1367(a).

5. A substantial part of the acts complained of herein were committed and had their principal effect against Plaintiff, within the Western Division of the Eastern District of Arkansas; therefore, venue is proper within this District pursuant to 28 U.S.C. § 1391.

## III. THE PARTIES

6. Plaintiff Trent Magsby ("Plaintiff") is an individual and resident of Little Rock, Arkansas.

7. Caruso Trucking, Ltd., d/b/a Caruso Logistics, is a foreign for-profit limited liability company founded under the laws of Ohio and registered to do business in the Arkansas, among other states.

8. The registered agent of Caruso Trucking, Ltd., d/b/a Caruso Logistics is The Corporation Company, 124 West Capitol Avenue, Suite 1900, Little Rock, Arkansas 72201.

9. Caruso Logistic Services, LLC ("Caruso Logistic Services"), is an Ohio for-profit limited liability company.

10. The registered agent of Caruso Logistic Services is Gregory R. Wilson 1411 Sycamore Street, Cincinnati, Ohio 45210.

11. Caruso, Inc., is a for-profit Ohio corporation.

12. The registered agent of Caruso, Inc., is Gregory R. Wilson 1411 Sycamore St., Cincinnati, Ohio 45210.

13. Upon information and belief, Defendants operate in Arkansas, Ohio, Tennessee, Virginia and other states as an operation centered on food delivery and refrigerated trucking.

14. HR and other payment decisions and directives are made for all three Defendants at the headquarters of Caruso, Inc., at 3465 Hauck Road, Cincinnati, Ohio 45241.

## IV. FACTUAL ALLEGATIONS

15. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

16. At all relevant times, Defendants employed four or more employees.

17. For some time during each of the three calendar years preceding the filing of this Complaint, Defendants employed at least two employees who handled goods that had been moved in interstate commerce, including, but not limited to, vehicles,

perishable food stuffs, refrigerated food stuffs, GPS and temperature monitoring units, and other goods necessary to operate a trucking and food delivery service operation.

18. Defendants' annual gross volume of sales made or business done was not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) during each of the calendar years during the relevant time.

19. Plaintiff performed the duties of a route driver for Defendants from approximately October 3, 2016, through January 20, 2017.

20. In the performance of his duties, Plaintiff handled goods that had been moved in interstate commerce, such as vehicles, perishable food stuffs, refrigerated food stuffs, dry goods, and other goods necessary to operate a trucking and food delivery service operation.

21. Defendant Caruso Trucking, Ltd., working on behalf of and for the benefit of Defendants Caruso Logistic Services, LLC and Caruso Inc., directly hired Plaintiff, paid him wages and benefits, controlled his work schedule, duties, protocols, applications, assignments and employment conditions, and kept at least some records regarding his employment.

22. Each Defendant is a covered employer under the FLSA.

23. Each Defendant is a covered employer under the AMWA.

24. Plaintiff is a covered employee under the FLSA.

25. Plaintiff is a covered employee under the AMWA.

26. Defendants paid Plaintiff hourly wages for his work.

27. Plaintiff performed his duties for more than forty hours in at least one workweek during his employment with Defendants.

28. Plaintiff regularly performed his duties for more than forty hours per week.

29. As an example, for one pay period Plaintiff worked approximately 120 hours and was paid for only 63.

30. Defendants did not pay Plaintiff a lawful overtime premium for all hours that Plaintiff worked over forty hours per week in any workweek.

31. Plaintiff drove, rode in, worked on, or otherwise handled trucks weighing less than 10,001 pounds in each workweek during the relevant time.

32. Defendants employed other individuals, including other drivers, who were paid an hourly wage; who worked more than forty hours in any workweek; who were not paid an overtime premium for all hours worked over forty per week; and whose work involved driving, riding in, working on, and/or handling vehicles weighing less than 10,001 pounds on a weekly basis.

33. Defendants knew or should have known of its obligation to pay Plaintiff and other hourly-paid individuals one and one-half times their regular rate for all hours worked over forty per week.

## V.   LEGAL ALLEGATIONS

34. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

### A.   FLSA Overtime Violations

35. 29 U.S.C. § 207 requires employers to pay employees one and one-half times the employee's regular rate for all hours that the employee works in excess of forty per week. 29 U.S.C.S. § 207 (LEXIS 2013).

36. Defendants failed to pay Plaintiff at a rate of one and one-half times his regular rate for all hours worked over forty (40) hours per week.

37. Defendants knew or should have known of their obligation to pay Plaintiff at a rate of one and one-half times their regular rate for all hours worked over forty (40) hours per week.

38. By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiff for unpaid overtime wages, liquidated damages, pre-judgment interest, costs, and a reasonable attorney's fee as provided by the FLSA.

### B. AMWA Overtime Violations

39. Arkansas Code Annotated § 11-4-211 requires employers to pay employees one and one-half times the employee's regular rate for all hours that the employee works in excess of forty (40) per week.

40. Defendants failed to pay Plaintiff at a rate of one and one-half times their regular rate for all hours worked over forty (40) hours per week.

41. Defendants knew or should have known of their obligation to pay Plaintiff at a rate of one and one-half times their regular rate for all hours worked over forty (40) hours per week.

42. By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiff for unpaid overtime wages, liquidated damages, pre-judgment interest, costs, and a reasonable attorney's fee as provided by the AMWA.

## VI. REPRESENTATIVE ACTION ALLEGATIONS

### A. FLSA § 216(b) Class

43. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

44. Plaintiff brings his claim for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons who were, are or will be employed by Defendants as similarly situated employees at any time within the applicable statute of limitations period, who are entitled to payment of the following types of damages:

   i. Minimum wages for the first forty (40) hours worked each week;

   ii. Overtime premiums for all hours worked for Defendants in excess of forty (40) hours in any week;

   iii. Reimbursement for vehicle-related expenses sufficient to bring compensation to minimum wages and overtime premiums;

   iv. Liquidated damages; and

   v. Costs of this action, including attorney's fees.

45. The proposed class of opt-in Plaintiffs in this case is preliminarily defined as follows:

> **Each and every individual who performed as a route driver on Defendants' behalf any time after three years preceding the filing of the Original Complaint.**

46. The proposed FLSA class members are similarly situated in that they share these traits:

   i. They performed the same or similar job duties;

ii. They were subject to Defendants' common policy of failing to properly pay overtime-rate wages for all hours worked in excess of forty (40) hours per week.

iii. They were subject to numerous other common policies and practices including but not limited to the use of time logs to document hours worked, routine safety checks, and the utilization of a phone application to locate and arrive at a location.

### B. AMWA Rule 23 Class

47. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

48. Plaintiff, individually and on behalf of all others similarly situated who were employed by Defendants within the State of Arkansas, brings this claim for relief for violation of the AMWA as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

49. Plaintiff proposes to represent a liability class of individuals defined as follows:

> **Each and every individual who performed as a route driver on Defendant's behalf in Arkansas any time after three years preceding the filing of the Original Complaint.**

50. Upon information and belief, there are more than forty (40) persons in the proposed class. Therefore, the proposed class is so numerous that joinder of all members is impracticable.

51. Common questions of law and fact relate to all of the proposed liability class members, such as these:

i. Whether Defendants' policy of failing to properly pay overtime-rate wages to members of the proposed class who worked in excess of forty (40) hours per week was unlawful under the AMWA;

ii. Whether Defendants paid the members of the proposed class one and one-half times their regular wages for hours worked over forty (40) in each week in accordance with the AMWA.

52. The above common questions of law and fact predominate over any questions affecting only Plaintiff, and a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.

53. The class members have no interest in individually controlling the prosecution of separate actions because the policy of the AMWA provides a bright-line rule for protecting all non-exempt employees as a class. To wit: "It is declared to be the public policy of the State of Arkansas to establish minimum wages for workers in order to safeguard their health, efficiency, and general well-being and to protect them as well as their employers from the effects of serious and unfair competition resulting from wage levels detrimental to their health, efficiency and well-being." Ark. Code Ann. § 11-4-202. To that end, all non-exempted employees must be paid for time worked over forty (40) hours per week at a rate of one and one-half times their regular rate. Ark. Code Ann. § 11-4-211.

54. At the time of the filing of this Complaint, neither Plaintiff nor Plaintiff's counsel know of any litigation already begun by any members of the proposed class concerning the allegations in this complaint.

55. No undue or extraordinary difficulties are likely to be encountered in the management of this class action.

56. The claims of Plaintiff are typical of the claims of the proposed liability class in that Plaintiff and all others in the proposed liability class will claim that they were misclassified as independent contractors, they were entitled to minimum wages and overtime, and that Defendants failed to pay minimum wages and overtime.

57. Plaintiff and his counsel will fairly and adequately protect the interests of the class.

58. Plaintiff's counsel are competent to litigate Rule 23 class actions and other complex litigation matters, including wage and hour cases like this one.

## VII. PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Trent Magsby respectfully prays that each Defendant be summoned to appear and to answer herein and for declaratory relief and damages as follows:

A. A declaratory judgment that Defendants' practices alleged herein violate the FLSA, the AMWA, and their relating regulations;

B. Judgment for damages for all unpaid overtime compensation under the FLSA, the AMWA, and their relating regulations;

C. Judgment for liquidated damages pursuant to the FLSA, the AMWA, and their relating regulations;

D. An order directing Defendants to pay Plaintiff prejudgment interest, a reasonable attorney's fee and all costs connected with this action; and

E. Such other and further relief as this Court may deem necessary, just and proper

Respectfully submitted,

**TRENT MAGSBY, Individually and on behalf of All Others Similarly Situated, PLAINTIFF**

SANFORD LAW FIRM, PLLC
ONE FINANCIAL CENTER
650 SOUTH SHACKLEFORD, SUITE 411
LITTLE ROCK, ARKANSAS 72211
TELEPHONE: (501) 221-0088
FACSIMILE: (888) 787-2040

By: _____
Daniel Ford
Ark. Bar No. 2014162
daniel@sanfordlawfirm.com

and _____
Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com